**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TERRELL STATON, | : | |
| Plaintiff, | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:08-cv-142 (JCH) |
| | : | |
| STATE OF CONNECTICUT, ET AL. | : | NOVEMBER 19, 2009 |
| Defendants. | : | |

**RULING ON PENDING MOTIONS**

Plaintiff has filed multiple motions pursuant to the Federal Rules of Evidence and

Civil Procedure.  Defendant Cassavechia has filed a motion for a bifurcated jury trial.  For

the reasons set forth below, the motions are denied.

**I.      MOTION FOR SEIZURE OF PROPERTY (Doc. No. 71) AND APPLICATION FOR PREJUDGMENT REMEDY (Doc. No. 120)**

The plaintiff asks the court to seize property of the defendants "to remedy the

judgment satisfactorily."  See Mot. for Seizure of Property (Doc. No. 71).  Plaintiff has also

filed a separate Application for Prejudgment Remedy (Doc. No. 120), seeking to attach

property of the defendants to secure the sum of $800,000.00.  He files both motions

pursuant to Rule 64 of the Federal Rules of Civil Procedure, which permits a plaintiff to

utilize the state prejudgment remedies available to secure a judgment that might ultimately

be rendered in an action.  See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto

Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 n.10 (1974); Cordoba

Shipping Co., Ltd. v. Maro Shipping Ltd., 494 F. Supp. 183, 186 (D. Conn. 1980).  Rule 64

provides in pertinent part:

> At the commencement of and throughout an action, every
> remedy is available that, under the law of the state where the
> court is located, provides for seizing a person or property to
> secure satisfaction of the potential judgment. But a federal

statute governs to the extent it applies.

Fed. R. Civ. P. 64(a).  Connecticut General Statutes § 52-278a <u>et</u> <u>seq</u>. governs

prejudgment remedies and "provides that a plaintiff suing for a money judgment may

attach a defendant's real or personal property during litigation, if the plaintiff follows the

statutory procedures designed to protect the defendant."  <u>Cordoba</u>, 494 F. Supp. at 186.

Connecticut General Statutes § 52-278c sets forth the required documents to be filed with

the court and the requirements of service on the defendant of notice of intent to secure a

prejudgment remedy.  A prejudgment remedy may be obtained when the plaintiff

establishes that there is probable cause to sustain the validity of his claims.  <u>See</u> Conn.

Gen. Stat. § 52-278d(a).

Connecticut General Statutes § 52-278b provides that "no prejudgment remedy

shall be available to a person in any action at law or in equity (1) unless he complied with

the provisions of sections 52-278a to 52-278g inclusive."   Connecticut General Statutes §

52-278c requires that an affidavit be submitted with the application for prejudgment

remedy.  <u>See</u> Conn. Gen. Stat. § 52-278c(a)(2); <u>Lauf v. James</u>, 33 Conn. App. 223, 227-

29 (1993) (holding that Conn. Gen. Stat. § 52-278c(a) "requires that an affidavit be

submitted with an application for prejudgment remedy" in order for the trial court to grant a

prejudgment remedy).  The affidavit must be "sworn to by the plaintiff or any competent

affiant setting forth a statement of facts sufficient to show that there is probable cause that

a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the

matter in favor of the plaintiff."   Conn. Gen. Stat. § 52-278c(a)(2).  Here, the plaintiff has

not submitted an affidavit with either motion.  Thus, the plaintiff has failed to comply with

Conn. Gen. Stat. § 52-278c(a)(2).

In addition, Conn. Gen. Stat. § 52-278c requires that a notice and claim form containing certain language must be attached to the application for prejudgment remedy. See Conn. Gen. Stat. § 52-278c(e), (f), (g).  The plaintiff has failed to attach the appropriate notice and claim form to his application for prejudgment remedy.   Because the plaintiff's Motion for seizure of property and Application for Prejudgment Remedy do not comply with subsections (a)(2), (e), (f) and (g) of Conn. Gen. Stat. § 52-278c, they are denied.

## II.   MOTION TO COMPEL (Doc. No. 116)

Plaintiff files this Motion to Compel pursuant to Federal Rule of Evidence 1007.  He requests that testimony of Officers McColgan, Hassiak, Basile and John Does and "radio transactions" be admitted into evidence.  Plaintiff asserts that the defendants have yet to produce the "radio transactions" to him.  Federal Rule of Evidence 1007 governs methods of proof of the contents of writings, recordings or photographs at trial.  As trial has not yet been scheduled, the Motion is premature.

To the extent that the Motion may be liberally construed as a motion to compel filed pursuant to Rule 37 of the Federal Rules of Civil Procedure, it is deficient.  Plaintiff does not assert that he served a request for production of documents on the defendants seeking the "radio transactions."  Furthermore, a party may seek the assistance of the court in securing documents only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut.  Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without

the intervention of the court.  The plaintiff does not allege that he made any attempt to confer with counsel for defendants prior to filing this motion.  The Motion to Compel is therefore denied.

The court notes that attached to this Motion is a page entitled ORDER, which is dated October 16, 2009.  See Mot. to Compel Discovery at 3.  Plaintiff seeks a court order directing officials at Cheshire Correctional Institution to provide him with adequate use of the law library/resource center to enable him to make photo copies of documents and briefs.  He claims that his prison unit counselor has been "quite controversial" to his requests to use the resource center to enable him to file motions with the court.  Id.

One defendant is a Connecticut state trooper, five of the defendants are Danbury police officers, and one of the defendants is a Hollywood, Florida police officer.  The plaintiff seeks injunctive relief from prison officials at Cheshire Correctional Institution, who are not parties to this action.  The court does not have in personam jurisdiction over the prison offici and cannot enjoin their actions.  See Weitzman v. Stein, 897 F.2d 653, 659 (2d Cir. 1990); Visual Scis, Inc. v. Integrated Commc'ns Inc., 660 F.2d 56, 59 (2d Cir. 1981).

Furthermore, plaintiff's claim that his lack of access to the law library or resource center has prevented him from filing motions is belied by the fact that from May 15, 2009, until October 27, 2009, he filed seventeen motions.  Three of those motions were requests for extension of time to respond to defendants' Motions for Summary Judgment.  The court granted all three motions, and plaintiff has since filed four objections/memorandums in opposition to defendants' Motions for Summary Judgment.  Accordingly the request to direct Cheshire prison officials to provide plaintiff with adequate use of the law

4

library/resource center is denied.  The Motion to Compel Discovery is denied in all respects.

III.    **MOTION FOR ADMISSION UNDER FEDERAL RULE OF CIVIL PROCEDURE 36 (Doc. No. 113)**

Plaintiff seeks admission of suppression hearing transcripts from one of his state criminal cases.  He claims defendants Lajoie, McColgan, and Basile testified at the suppression hearing.  Fed. R. Civ. P. 36(a)(1) states that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Fed. R. Civ. P. 26(b)(1) relating to: . . . (B) the genuineness of any described documents."  Rule 36(a)(2) requires that "[a] request to admit the genuineness of a document . . . be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection or copying."

Defendants Basile, McColgan, and Lajoie object to this Motion on the grounds that they were never served with a Rule 36 Request for Admission regarding the suppression hearing transcript, and any request for admission of the transcript as evidence at trial is therefore premature.  Pursuant to the court's scheduling order, discovery was to be completed on or before September 1, 2009.  Plaintiff's motion is dated October 16, 2009.  Plaintiff does not assert or provide any evidence that he served a request for admission on defendants Basile, McColgan, and Lajoie pursuant to Federal Rule of Civil Procedure 36 prior to the deadline for the completion of discovery.  Accordingly, the Motion is denied.

IV.    **MOTION FOR SUBPOENA OR SUMMONS (Doc. No. 117)**

Plaintiff files this Motion pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), which governs pretrial disclosures of evidence and witnesses that a party may present at

trial.  Plaintiff lists all the witnesses that he may call to testify at trial.   It is apparent that he seeks subpoenas to be served on these witnesses to compel them to testify at trial. Pretrial disclosures under Rule 26(a)(3), however, need not be made prior to thirty days before trial, unless otherwise directed by the court.  As stated above, the court has not scheduled this case for trial.  The issue of subpoenas can be raised at the pretrial conference. In fact, all but one of the defendants have moved for summary judgment. Accordingly, Plaintiff's Motion Seeking to Subpoena Witnesses for Trial is premature and is denied without prejudice.

## V.    MISCELLANEOUS MOTIONS (Doc. Nos. 70, 72-76, 114, 115, 118)

Plaintiff has filed nine motions pursuant to various Federal Rules of Evidence and Civil Procedure addressing the admissibility of evidence or witness testimony at trial.  As stated above, this case has not been set down for trial, and six of the seven remaining defendants have moved for summary judgment.  Until the court rules on the pending Motions for Summary Judgment, it is unclear what claims will proceed to trial. Accordingly, plaintiff's Motion to Produce Proof of Official Record filed pursuant to Fed. R. Civ. P. 44 and Motions for Admission, Authentication, Self-Authentication, Expert Testimony, and Original Recording filed pursuant to Fed. R. Evid. 601, 602, 605, 607-09, 612, 613, 702, 801, 805, 901, 902, 1001-04, and 1007 are premature.  These Motions are denied without prejudice to re-filing at the pre-trial stage.

## VI.    MOTION TO BIFURCATE (Doc. No. 129)

Defendant Cassavechia moves for a bifurcated jury trial because the Amended Complaint includes claims regarding two unrelated incidents involving the plaintiff's arrest by members of the Danbury Police Department.  Rule 42(b) of the Federal Rules of Civil

Procedure vests discretion in a district court to order a separate trial of an issue.  In view of the fact that all of the other remaining defendants have moved for summary judgment, the court considers the request to bifurcate the trial to be premature.  The Motion to Bifurcate is denied without prejudice to re-filing after the court rules on the Motions for Summary Judgment.

**VII.    CONCLUSION**

The Motion for Seizure of Property (Doc. No. 71), Application for Prejudgment Remedy (Doc. No. 120]), Motion for Admission Under Federal Rule of Civil Procedure 36 (Doc. No. 113) and Motion to Compel (Doc. No. 116) are **DENIED**.  The Motion for Subpoena or Summons (Doc. No. 117) is **DENIED** without prejudice.  The miscellaneous motions (Docs. Nos. 70, 72-76, 114, 115, 118) are **DENIED** without prejudice to re-filing at trial.  The Motion to Bifurcate (Doc. No. 129) is **DENIED** without prejudice to re-filing after the court rules on the pending Motions for Summary Judgment.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of November, 2009.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge