UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRELL STATON, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:08-CV-142 (JCH) |
| v. | : | |
| JASON CASSAVECHIA | : | JULY 25, 2011 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT [Doc. No. 233]**

**I.  INTRODUCTION**

Plaintiff Terrell Staton is an inmate currently confined at the Cheshire Correctional Institution in Chesire, Connecticut.  On January 11, 2011, the court appointed pro bono counsel for Staton.  Order (Doc. No. 207).  Subsequent to the appointment of counsel, on April 22, 2011, Staton filed a Motion to Amend/Correct the Operative Complaint.  Doc. No. 230.  The court granted that Motion on April 25, 2011, and Staton filed his Fourth Amended Complaint on May 13, 2011.  Fourth Am. Compl. (Doc. No. 235).  Pending before the court is defendant Jason Cassavechia's Motion to Dismiss Count Two of the Fourth Amended Complaint for lack of subject matter jurisdiction.  Mot. to Dismiss (Doc. No. 233).[1]

**II.  STANDARD OF REVIEW**

A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d

---

[1] In his original Complaint, Staton named fourteen separate defendants.  After motion practice too voluminous to recount here, the court dismissed the complaint against or granted summary judgment for thirteen of the defendants.  Only defendant Jason Cassavechia remains.

167, 170 (2d Cir. 2008); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006). The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. See Morrison, 547 F.3d at 170; see also Makarova, 201 F.3d at 113; Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). A court evaluating a Rule 12(b)(1) motion "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

In applying supplemental jurisdiction over pendent state law claims, federal courts must apply state substantive law. See, e.g., Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 257 (2d Cir. 1991). Thus, "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim." McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 74, n.3 (2d Cir. 2010) (quoting Moodie v. Federal Reserve Bank, 58 F.3d 879, 884 (2d Cir. 1995)).

## III. FACTUAL BACKGROUND[2]

On June 26, 2006, police officers set up a one-mile perimeter in Danbury, Connecticut to catch a suspect who fled from an unregistered vehicle. Fourth Am. Compl. ¶ 10. While the police were searching this area, Staton climbed over a fence adjacent to a parking lot. Id. at ¶ 11. At that time, State Trooper Cassavechia threw his canine partner "over the south perimeter of the fence." Id. at ¶ 12. The canine then leapt on top of the wall where Staton was standing and "lunged for Staton's face." Id. at ¶ 14. The canine bit the inside of Staton's right arm. Id. Staton fell off the wall and rolled onto the ground. Id. at ¶ 15. The canine then bit Staton's upper right shoulder. Id. at ¶ 16. Cassavechia reached Staton and picked up the canine's leash. Id. at ¶ 17. At this point, Cassavechia "gave the canine a signal and the canine became more aggressive and scratched Staton with his fangs, causing long, thin abrasions on his shoulder." Id. While other officers were placing handcuffs on Staton, Cassavechia again signaled the canine, which then bit Staton's right arm. Id. at ¶¶ 18-20. Cassavechia signaled the canine to attack Staton even though other officers had arrived on the scene and Staton no longer threated to escape. Id. at ¶ 37. Staton was subsequently brought to Danbury Hospital where his wound was treated and a rabies shot was administered. Id. at ¶ 24.

## IV. DISCUSSION

Staton's second claim for relief is that Cassavechia negligently failed to control his canine partner and that such negligence occurred "with malice, wantonness and/or

---

[2] Taking the factual allegations in the Complaint as true, and drawing all reasonable inferences in favor of Staton, the court assumes the following facts for the purposes of the Motion to Dismiss.

3

the intent to injure Staton." Fourth Am. Compl. ¶ 38. The Fourth Amended Complaint invokes Conn. Gen. Stat. § 52-557n as authorizing a negligence claim against Cassavechia.³ Cassavechia seeks to dismiss Staton's negligence claim on the grounds that (1) the statute cited as the basis for the claim does not apply to the State of Connecticut itself, but only to political subdivisions of the State of Connecticut, and (2) the court lacks subject matter jurisdiction over Staton's claim for negligence because the State of Connecticut and its officers, agents, and employees enjoy sovereign immunity from liability for negligence under the common law and pursuant to Conn. Gen. Stat. §§ 4-160 and -165.

    A.    <u>Statutory Immunity</u>

Conn. Gen. Stat. § 52-557n provides that "a political subdivision of the state shall be liable for damage to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties." Conn. Gen. Stat. § 52-557n(a)(1). By its plain language, this statutory provision does not apply to state officers and employees. This provision is limited to political subdivisions of the State of Connecticut – namely, municipalities.

Claims against the State of Connecticut are instead governed by Chapter 53 of the Connecticut General Statutes. <u>See</u> Conn. Gen. Stat. §§ 4-141 to -165b. That

---

    ³ The Fourth Amended Complaint actually cites to "Conn. Gen. Stat. § 52-577n – Negligence" as the basis for its pendent state law claim. Fourth Am. Compl. at 6. Cassavechia correctly observes that no Connecticut statute exists with this citation, and Staton likely intended to cite Conn. Gen. Stat. § 52-557n. Mem. in Supp. of Mot. to Dismiss (Doc. No. 233), at 1, n.1. In his Memorandum in Opposition to the Motion to Dismiss, Staton acknowledges that his negligence claim arises under Conn. Gen. Stat. §52-557n. Mem. in Opp. (Doc. No. 240) at 1.

4

chapter provides immunity for state officers and employees for most injuries. Conn. Gen. Stat. § 4-165(a). Specifically, the statute provides that:

> No state officer or employee shall be personally liable for damage or injury, <u>not wanton, reckless or malicious</u>, caused in the discharge of his or her duties or within the scope of his or her employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.

Id. (emphasis added). Notably, the statutory scheme for immunity does not extend to harmful actions by state employees that were "wanton, reckless or malicious." Id. The Connecticut Supreme Court has observed that "[s]tate employees do not . . . have statutory immunity for wanton, reckless or malicious actions . . . . For those actions, they may be held personally liable, and a plaintiff who has been injured by such actions is free to bring an action against the individual employee." Miller v. Egan, 265 Conn. 301, 319 (2003).

In the context of Conn. Gen. Stat. § 4-165, "wanton, reckless or malicious" conduct requires that the defendant had a "state of consciousness" with regard to the "consequences of one's acts." Martin v. Brady, 261 Conn. 372, 380 (2002) (internal citation omitted). The conduct must be "more than negligence" and "more than gross negligence." Id. To infer wanton, reckless, or malicious conduct, "there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or take reasonable precautions to avoid injury to them." Id. Here, Staton alleges that Cassavechia twice signaled his dog to attack Staton after Staton was already on the ground. Fourth Am. Compl. ¶¶ 17-20, 37. The Fourth Amended Complaint also specifically alleges that Cassavechia acted with "malice, wantonness and/or the intent to injure Staton." Id. ¶ 38. These facts plausibly state a claim for wanton, reckless, or

5

malicious conduct on the part of Cassavechia, as those terms are defined under Connecticut law. Therefore, Cassavechia is not protected by statutory immunity under Conn. Gen. Stat. § 4-165.

  B. <u>Common Law Sovereign Immunity</u>

The only remaining issue is whether Cassavechia enjoys sovereign immunity under Connecticut common law. "If the plaintiff's complaint reasonably may be construed to bring claims against the defendant[] in [his] individual capacity[y], then sovereign immunity would not bar those claims." <u>Miller v. Egan</u>, 265 Conn. 301, 307 (2003); <u>see</u> <u>also</u> <u>Longmoor v. Nilsen</u>, 285 F. Supp. 2d 132, 143 (D. Conn. 2003) (where plaintiff sued state police officers only in their individual capacities, the defendants could not be protected by the common law doctrine of sovereign immunity).

To determine whether a claim has been brought against the state or against a defendant in his individual capacity, the court must examine four criteria, all four of which must be satisfied for the claim to be deemed to be against the state. <u>See</u> <u>Kenney v. Weaving</u>, 123 Conn. App. 211, 216 (2010) (citing <u>Spring v. Constantino</u>, 168 Conn. 563 (1975)). The criteria are:

> (1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability.

<u>Id.</u>

In this case, Staton alleges that Cassavechia engaged in malicious, wanton, or intentional misconduct. The State of Connecticut is not required to indemnify state employees for willful and malicious conduct. Conn. Gen. Stat. § 5-141d(a). Specifically, Connecticut law provides that:

6

> The state shall save harmless and indemnify any state officer or employee . . . from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his alleged negligence or alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury, if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment <u>and such act or omission is found not to have been wanton, reckless or malicious.</u>

Conn. Gen. Stat. § 5-141d(a) (emphasis added).

In <u>Hanton v. Williams</u>, No. CV095030962S, 2011 WL 2611781, *6 (Conn. Super. June 3, 2011), the Connecticut Superior Court observed that "[i]n analyzing the state's possible liability under the fourth criterion, courts look to Conn. Gen. Stat. § 5-141d(a) to determine whether the state would possibly be required to indemnify the state official in the event of a judgment being rendered against the official." <u>Id.</u> Because the plaintiff in <u>Hanton</u> alleged deliberate and malicious conduct by the defendant, the state would not have been required to indemnify the defendant, and "the relief sought by the plaintiff would not subject the state to liability." <u>Id.</u> As a consequence, the fourth criterion of the <u>Spring</u> test was not satisfied, and the plaintiff therefore had brought the suit against the defendants in their individual capacities.

Similarly, in <u>David v. Bureau</u>, No. CV075001460S, 2008 WL 4249406, *3 (Conn. Super. Aug. 25, 2008), the Connecticut Superior Court held that where a judgment for damages against a defendant would be against the defendant alone, and the state indemnification statute did not apply, the fourth criterion was not met, and the claims could therefore be reasonably construed to be directed against the defendant in his individual capacity.

Here too, the relief sought by Staton under Count Two would not subject the State of Connecticut to liability, and the fourth criterion of the <u>Spring</u> test has not been

met. See id.  Because Staton's claim for malicious, wanton, or intentional misconduct may reasonably be construed to bring claims against Cassavechia in his individual capacity, the common law doctrine of sovereign immunity does not bar this claim.  See Miller, 265 Conn. at 307.

**V.    CONCLUSION**

The court concludes that Staton's allegations of malicious, wanton, or intentional misconduct constitute a claim against Cassavechia in his individual capacity.  Such a claim is not barred by the common law doctrine of sovereign immunity, nor is the claim barred by the provisions of Chapter 53 of the Connecticut General Statutes.  For the foregoing reasons, Cassavechia's Motion to Dismiss Count Two of the Fourth Amended Complaint [**Doc. No. 233**] is **denied**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 25th day of July, 2011.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge